BLD-191                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2158
_____

In re: STEFAN MICHALOPOULOS,
                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to D.V.I. Civ. No. 1:25-cv-00017)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 31, 2025

Before: SHWARTZ, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: August 12, 2025)
_____

OPINION[*]
_____

PER CURIAM

        Pro se petitioner Stefan Michalopoulos seeks a writ of mandamus asking us to

intervene in his civil action filed in the District Court. To the extent that Michalopoulos's

petition is not moot, we decline to issue the requested writ.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Michalopoulos filed a complaint under the Federal Tort Claims Act in the District Court of the Virgin Islands alleging that the FBI has been subjecting him to warrantless mind reading and chemical torture.[1] He sought damages, moved for a temporary restraining order, which he claims was required under the United Nations Convention Against Torture to stop the Government from reading his mind and drugging him with chemicals, and requested early discovery so that he could demonstrate his entitlement to a preliminary injunction.

The Magistrate Judge recommended denying Michalopoulos's requests for a temporary restraining order, preliminary injunction, and early discovery. Michalopoulos objected, and he moved for default judgment because the Government had not answered his complaint. He also filed motions requesting a status conference, a hearing on his restraining order request, and criminal charges against everyone allegedly involved in torturing him.

While those motions were pending, Michalopoulos filed this petition for a writ of mandamus, seeking our assistance because, he claims, the District Court is being "out-powered and manipulated" by the Government and is being forced to commit fraud. He seeks a permanent restraining order to stop the Government's alleged torture, as well as criminal charges against everyone involved in his case.[2]

---

[1] He also attempted to redress these harms in the United States District Court for the Eastern District of California.

[2] After he filed this mandamus petition, the District Court dismissed Michalopoulos's complaint with prejudice and denied his pending motions as moot.

"The writ of mandamus is an extreme remedy reserved for only the most extraordinary situations." In re Abbott Labs., 96 F.4th 371, 379 (3d Cir. 2024) (citation modified). To obtain relief, the petitioner must show: "(1) a clear and indisputable abuse of discretion or error of law, (2) a lack of an alternate avenue for adequate relief, and (3) a likelihood of irreparable injury." Id. (citation omitted). Michalopoulos has not made that showing here.

To the extent that Michalopoulos seeks an order compelling the District Court to rule on his complaint and motions, that request is now moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir. 1996). To the extent that Michalopoulos challenges actions taken in the District Court, he has not shown that an appeal from the District Court's judgment would be an inadequate remedy. See Abbott Labs., 96 F.4th at 385. To the extent that the mandamus petition seeks other relief, including the restraining order and criminal charges, Michalopoulos's baseless allegations do not support mandamus relief, and there is no clear and indisputable right to require the Government to initiate criminal proceedings. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); cf. Inmates of Attica Corr. Facility v. Rockefeller, 477 F.2d 375, 379, 383 (2d Cir. 1973) (affirming dismissal of a complaint in mandamus to compel the United States Attorney to investigate, arrest, and prosecute state officials for committing federal offenses).[3] For these reasons, to the extent the mandamus petition is not moot, we will deny it.

---

[3] Finally, to the extent that Michalopoulos seeks our intervention in the case that he filed in the Eastern District of California, we lack the authority to consider the relief requested. See 28 U.S.C. §§ 41, 1294(1).